Case 4:22-cr-00314   Document 1   Filed on 06/30/22 in TXSD   Page 1 of 5

United States Courts
Southern District of Texas
FILED
*June 30, 2022*
Nathan Ochsner, Clerk of Court

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CRIMINAL NO. 4:22-cr-314** |
| v. | § | |
| | § | |
| **WILLIAM-PAUL THOMAS** | § | **UNDER SEAL** |

## CRIMINAL INFORMATION

The United States Attorney charges:

### Introduction

At all times material to this Information:

1. The City of Houston was an entity of local government located in the Southern District of Texas. During 2020, it received benefits in excess of $10,000 annually under Federal programs and from other forms of Federal assistance.

2. WILLIAM-PAUL THOMAS was employed by the City of Houston ("CoH"), and he worked specifically in the Mayor's Office as the Director of Council Relations. In this position, THOMAS worked directly with the CoH Mayor and with Houston City Council members on CoH-related business. THOMAS was authorized to represent the Mayor in all aspects of dealing with the Houston City Council, including the presentation and approval of CoH contracts, as well as the functioning and oversight of the various departments within the CoH.

3. BUSINESSMAN 1 operated COMPANY 1, a restaurant and bar located in Houston, Texas, and COMPANY 2, a bar and nightclub also located in Houston.

## COUNT ONE

### (18 U.S.C. § 371 – Conspiracy)

4. Beginning in or around May 2020 and continuing through in or around November 2020, in the Southern District of Texas and elsewhere, the Defendant,

**WILLIAM-PAUL THOMAS**,

did knowingly conspire, confederate, and agree with others known and unknown to the United States, including BUSINESSMAN 1, to commit offenses against the United States, that is, being an agent of an organization and local government that receives, in any one-year period, benefits in excess of $10,000 under a federal assistance program, to corruptly solicit and demand for the benefit of any person, and accept and agree to accept, anything of value from any person, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of such organization and local government involving anything of value of $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(1)(B).

### Manner and Means of the Conspiracy

It was part of the conspiracy that:

5. BUSINESSMAN 1 would give and agree to give things of value to THOMAS in order to influence and reward him for his official acts as the Director of Council Relations for the City of Houston. These things of value included cash payments.

6. THOMAS would accept and agree to accept these things of value intending to be influenced and rewarded for his official assistance to BUSINESSMAN 1.

**Overt Acts of the Conspiracy**

7. In furtherance of the conspiracy and to achieve the objects thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Texas and elsewhere, at least one of the following overt acts, among others:

8. BUSINESSMAN 1, as owner and operator of COMPANY 1, required a Temporary Certificate of Occupancy ("TCO") to continue the use of the building space used by COMPANY 1. In order to receive a TCO, COMPANY 1 was required to pass an inspection by the Fire Marshal's Office of the Houston Fire Department.

9. During May 2020, BUSINESSMAN 1 and THOMAS exchanged text messages and phone calls regarding COMPANY 1's need for a TCO and the status of COMPANY 1's application for a TCO. THOMAS agreed to use his official position to exert pressure on other officials to pass COMPANY 1 at inspection and to issue COMPANY 1 a TCO, all in exchange for money.

10. During May 2020, THOMAS, in his official capacity, placed calls to the relevant Houston Fire Department official to ensure that COMPANY 1 would pass its fire inspection and be issued its TCO.

11. On or about May 12, 2020, based on THOMAS's use of his official position and exertion of influence and pressure on other officials, the TCO was issued to COMPANY 1, the issuance of which provided value to COMPANY 1 in excess of $5,000.

12. In and around May 2020, BUSINESSMAN 1 paid THOMAS for acts taken in his official capacity for the benefit of COMPANY 1.

13. Later, in June 2020, BUSINESSMAN 1 reached out to THOMAS again for assistance after the Texas Alcohol and Beverage Commission ("TABC") shut down COMPANY

2. Under local COVID-19 restrictions, businesses designated as "bars" were not permitted to operate, while "restaurants" could remain operational. COMPANY 2 was designated as a bar, and, therefore, was not permitted to operate. BUSINESSMAN 1 asked for THOMAS to help expedite the permit so that COMPANY 2 could reopen as a restaurant. In exchange, BUSINESSMAN 1 told THOMAS that if THOMAS put BUSINESSMAN 1's request "ahead of everyone," BUSINESSMAN 1 would "take care of" THOMAS "really good."

14. On July 6, 2020, BUSINESSMAN 1 offered THOMAS up to $13,000 to have the necessary permit issued quickly so that COMPANY 2 could reopen. THOMAS agreed to use his official position to pressure other officials to issue the permit quickly, all in exchange for money.

15. THOMAS used his position in the Mayor's Office to influence and pressure other officials to grant the necessary permit to COMPANY 2. By July 10, 2020, COMPANY 2 was granted the necessary permit to operate as a restaurant and was permitted to open. The issuance of the permit provided value to COMPANY 2 in excess of $5,000.

All in violation of Title 18, United States Code, Section 371.

## NOTICE OF FORFEITURE
### (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

16. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), through application of Title 28, United States Code, Section 2461(c), the United States gives notice to Defendant,

**WILLIAM-PAUL THOMAS**,

that upon conviction of Count One, all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, is subject to forfeiture.

**Money Judgment and Substitute Assets**

17.    The United States gives notice that it will seek a money judgment against the Defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendant in substitution.

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

BY: _____
HEATHER WINTER
JOHN P. PEARSON
ASSISTANT U.S. ATTORNEYS

COREY R. AMUNDSON
CHIEF, PUBLIC INTEGRITY SECTION

BY:   *s/ Nicole Lockhart*
NICOLE R. LOCKHART
TRIAL ATTORNEY

5